**Nicholas R. JANNEY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7088.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 7, 1955.

Decided Nov. 9, 1955.

Nicholas R. Janney, pro se, on brief.

Theodore D. Stoney, Asst. U. S. Atty., Charleston, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and BARKSDALE, District Judge.

**PER CURIAM.**

This is an appeal from denial of a motion under 28 U.S.C. § 2255 to vacate and set aside a judgment and sentence of imprisonment. Appellant was charged under a three count indictment with violation of the motor vehicle theft act and with conspiracy to violate that act. The first count of the indictment charged transportation, the second count concealment and the third count conspiracy. To represent appellant, the record shows that the court designated counsel, and that on April 26, 1954, appellant entered a plea of guilty to the second count of the indictment and of not guilty to the first and third counts, and the case was continued for trial on the latter counts. There is nothing to show that the attorney appointed to represent appellant had any conflicting interest or that he did not represent appellant properly. On May 12 appellant, who was confined in jail, asked that he be sentenced on the second count of the indictment, to which he had pleaded guilty, so that he could be transferred from the jail to the penitentiary. He was given a sentence of three and a half years on this count and entered upon the service of his sentence. In December 1954, he was brought back to court and was tried upon

the first and third counts of the indictment and was found guilty on both, notwithstanding a vigorous defense made for him by another able and conscientious attorney, who had been appointed for him by the court and who represented no one connected in any way with the case. He was given a sentence of six months on count one and two years on count three, making a total of six years on the three counts of the indictment.

While it does not appear that appellant was represented by counsel at the time that sentence was pronounced on the second count of the indictment, he is hardly in position to complain of this, since it was at his request that sentence was pronounced at that time instead of being allowed to await the disposition of the case on the other counts. Furthermore, he was represented by counsel at the time of sentence on the first and third counts, when the whole matter was reviewed and additional sentences were imposed. In connection with this matter, the trial judge, in passing upon the motion to vacate, said:

"Even if the defendant is entitled to a hearing on count 2, I do not think that he has been harmed, because when I imposed sentence in December on counts 1 and 3, I took into consideration the sentence which had been imposed on him on May 12, 1954. He was in court in December, was represented by counsel, and stood trial on counts 1 and 3. The maximum penalty provided by law under counts 1 and 3 is ten years, and it was my intention to sentence him to six years on the indictment as a whole. If he had raised the question about cruel and inhuman treatment in December and I had sustained him on this question, I would have imposed a sentence of six years on counts 1 and 3."

There is nothing shown by the record of which appellant can properly complain and the order appealed from will be affirmed.

Affirmed.